## ST. LOUIS, IRON MOUNTAIN AND SOUTHERN RAILWAY *v.* VICKERS.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF ARKANSAS.

Argued May 2, 1887. — Decided May 27, 1887.

A state constitution cannot prohibit judges of the courts of the United States from charging juries with regard to matters of fact.

THE defendant in error sued the plaintiff in error in a state court of Arkansas to recover damages for personal injuries sustained by him while a passenger on one of the trains of the company. On the defendant's motion the cause was removed to the Circuit Court of the United States, where a general answer was made, denying negligence, and averring contributory negligence. The injuries were alleged to have been caused by the negligence of the defendant's employes in violently projecting a locomotive and one or more freight cars against the forward one of several cars, in the rear of one of which was the coach in which the plaintiff was a passenger. This occurred during the process of shifting cars at a place known as Barham's Station in Ouachita County, Arkansas. It was alleged that the plaintiff was passing from the closet to his seat, and that the shock of the collision precipitated him upon the floor of the car with the result of the injuries of which he complained.

The defendant answered, denying any negligence on its part or on the part of its employes, and charging the plaintiff with contributory negligence.

The case was tried before a jury. It was shown in evidence that a violent storm was in progress at the time when the plaintiff received his injuries. The testimony conflicted materially as to the violence of the shock in the attempted coupling, as to whether it was extraordinary or not more than usual violence; as to the position of the plaintiff at the time the coupling was made; whether he had just left the closet and

was returning to his seat, or had been for some minutes standing in the aisle and looking out of the rear door. There were also other points of conflict in the testimony.

The assignments of error were the following:

1. The court erred in instructing the jury as follows: "Counsel for the plaintiff told you that you might find a verdict for plaintiff for any sum from one cent to $25,000. This is true in one sense. You have the power to render a verdict for one cent or for $25,000, but a verdict for either of these sums would obviously be a false verdict, for if the plaintiff is entitled to a verdict at all, and upon this point you will probably have no difficulty, as the evidence clearly shows negligence and consequent liability on the defendant, though this is a question of fact exclusively within your province to determine — I say, if plaintiff is entitled to a verdict at all he is entitled to recover more than one cent, and it is equally clear that $25,000 would be greatly in excess of what he ought to recover."

2. The court erred in instructing the jury as follows: "The plaintiff is entitled to a reasonable compensation for his injuries, and whether they were the result of the negligence of an agent of a corporation or a natural person, can have no bearing in determining what that compensation shall be."

*Mr. John F. Dillon* for plaintiff in error.

The constitution of Arkansas, Art. VII, § 23, provides that "judges shall not charge juries with regard to matters of fact, but shall declare the law, and in jury trials shall reduce their charge or instructions to writing on the request of either party."

In this case the matters of fact in issue were the alleged negligence of the defendant and contributory negligence of the plaintiff.

We submit that this constitutional provision should be followed by the Federal courts sitting as courts of common law in the state of Arkansas; and that this case is to be distinguished from *Nudd* v. *Burrows,* 91 U. S. 426, and *Indianapolis Railroad* v. *Horst,* 93 U. S. 291.

Chief Justice Taney, delivering the opinion of this court in *Mitchell* v. *Harmony*, 13 How. 115, said: "The practice in this respect differs in different states. In some of them the court neither sums up the evidence in a charge to the jury nor expresses an opinion upon a question of fact. Its charge is strictly confined to questions of law, leaving the evidence to be discussed by counsel, and the facts to be decided by the jury without commentary or opinion by the court. But in most of the states the practice is otherwise; and they have adopted the usage of the English courts of justice, where the judge always sums up the evidence, and points out the conclusions which in his opinion ought to be drawn from it; submitting them, however, to the consideration and judgment of the jury. It is not necessary to inquire which of these modes of proceeding most conduces to the purposes of justice. It is sufficient to say that either of them may be adopted under the laws of Congress. And as it is desirable that the practice in the courts of the United States should conform as nearly as practicable to that of the state in which they are sitting, that mode of proceeding is perhaps to be preferred which, from long established usage and practice, has become the law of the courts of the state."

It is submitted that the act of Congress of June 1, 1872, 17 Stat. 197, § 5, should be construed in harmony with this decision.

It has been repeatedly held in Arkansas that it is error to assume, in the instructions to the jury, the existence of the facts in issue. *Montgomery* v. *Erwin*, 24 Ark. 540; *Floyd* v. *Ricks*, 14 Ark. 286 [*S. C.* 58 Am. Dec. 374]; *State Bank* v. *McGuire*, 14 Ark. 537; *Atkins* v. *State*, 16 Ark. 568, 593; *Armistead* v. *Brooke*, 18 Ark. 521; *Burr* v. *Williams*, 20 Ark. 171. And that an instruction should not be given which intimates to the jury the opinion of the court as to the weight of the evidence. *Randolph* v. *McCains' Administrator*, 34 Ark. 696.

*Mr. F. W. Compton* for defendant in error submitted on his brief.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This judgment is affirmed on the authority of *Vicksburg and Meridian Railroad Co.* v. *Putnam,* 118 U. S. 545 ; *Nudd* v. *Burrows,* 91 U. S. 426, 441; *Indianapolis, &c., Railroad* v. *Horst,* 93 U. S. 291, 299. A state constitution cannot, any more than a state statute, prohibit the judges of the courts of the United States from charging juries with regard to matters of fact.

*Affirmed.*