## BARRETT *v.* VIRGINIAN RAILWAY COMPANY.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE FOURTH CIRCUIT.

No. 275. Submitted March 21, 1919.—Decided June 9, 1919.

The right to take a voluntary nonsuit is substantial, and when and how it may be asserted are questions relating directly to practice and mode of proceeding within the intendment of the Conformity Act. P. 476.

. Under the law of Virginia, in the absence of a demurrer to the evidence and joinder therein, the plaintiff may take a nonsuit at any time before the retirement of the jury. P. 477.

A motion by defendant for a directed verdict at the conclusion of the testimony, when made in a federal court in Virginia, is not equivalent to a demurrer to the evidence, and the making of such a motion and its impending allowance do not place the plaintiff's right to take a nonsuit at the sound discretion of the court. *Id.*

. 244 Fed. Rep. 397, reversed.

THE case is stated in the opinion.

*Mr. W. L. Welborn* for petitioner. *Mr. John C. Jamison* and *Mr. John G. Challice* were on the brief.

*Mr. G. A. Wingfield* and *Mr. H. T. Hall* for respondent. *Mr. W. H. T. Loyall* was on the brief.

MR. JUSTICE MCREYNOLDS delivered the opinion of the court.

Claiming under the Federal Employers' Liability Act, (April 22, 1908, c. 149, 35 Stat. 65) petitioner sued the Virginian Railway Company in the United States District Court, Western District of Virginia, for damages on account of personal injuries suffered by him July 27, 1915.

At conclusion of the testimony the railway company moved for a directed verdict; after consideration the trial judge read to counsel an opinion giving reasons and announced his purpose to grant the motion. "And thereupon the plaintiff, by counsel, moved the court to be permitted to take a voluntary nonsuit, which motion was opposed by counsel for defendant. And as the court is of opinion that the motion comes too late, it is overruled; and to this action of the court the plaintiff, by counsel, excepted. And thereupon the court directed the jury to find a verdict for the defendant; and to this action of the court the plaintiff, by counsel, excepted. And thereupon the jury rendered and returned the following verdict: 'We, the jury, by direction of the court, find for the defendant.'" Judgment thereon was affirmed by the Circuit Court of Appeals, 244 Fed. Rep. 397. Petitioner there urged that the trial court erred (1) in directing a verdict for the defendant, and (2) in denying the plaintiff's request to take a voluntary nonsuit. Both claims were denied and are renewed here.

We think refusal to permit the requested nonsuit was error and for that reason the judgment below must be reversed. This makes it unnecessary to consider the other point.

The Act of June 1, 1872,—The Conformity Act—(Rev. Stats., § 914; c. 255, § 5, 17 Stat. 197) provides: "The practice, pleadings, and forms and modes of proceeding in civil causes, other than equity and admiralty causes, in the circuit and district courts, shall conform, as near as may be, to the practice, pleadings, and forms and modes of proceeding existing at the time in like causes in the courts of record of the State within which such circuit or district courts are held, any rule of court to the contrary notwithstanding."

Construing the statute in *Nudd* v. *Burrows* (1875), 91 U. S. 426, 441, 442, this court said: "The purpose of the provision is apparent upon its face. No analysis is necessary to reach it. It was to bring about uniformity in the law of procedure in the Federal and State courts of the same locality. It had its origin in the code-enactments of many of the States. While in the Federal tribunals the common-law pleadings, forms, and practice were adhered to, in the State courts of the same district the simpler forms of the local code prevailed. This involved the necessity on the part of the bar of studying two distinct systems of remedial law, and of practicing according to the wholly dissimilar requirements of both. The inconvenience of such a state of things is obvious. The evil was a serious one. It was the aim of the provision in question to remove it. This was done by bringing about the conformity in the courts of the United States which it prescribes. The remedy was complete. The personal administration by the judge of his duties while sitting upon the bench was not complained of. . . . The personal conduct and administration of the judge in the discharge of his separate functions, is, in our judgment,

neither *practice, pleading,* nor *a form* nor *mode of proceeding* within the meaning of those terms as found in the context." See also *Indianapolis & St. Louis R. R. Co.* v. *Horst,* 93 U. S. 291, 300.

"It is now a settled rule in the courts of the United States that whenever, in the trial of a civil case, it is clear that the state of the evidence is such as not to warrant a verdict for a party, and that if such a verdict were rendered the other party would be entitled to a new trial, it is the right and duty of the judge to direct the jury to find according to the views of the court. Such is the constant practice, and it is a convenient one. It saves time and expense. It gives scientific certainty to the law in its application to the facts and promotes the ends of justice." *Bowditch* v. *Boston,* 101 U. S. 16, 18; *Pleasants* v. *Fant,* 22 Wall. 116, 122; *Oscanyan* v. *Arms Company,* 103 U. S. 261, 265; *Randall* v. *Baltimore & Ohio R. R. Co.,* 109 U. S. 478, 482; *District of Columbia* v. *Moulton,* 182 U. S. 576, 582; *Hepner* v. *United States,* 213 U. S. 103, 113. And this rule is not subject to modification by state statutes or constitutions. *Indianapolis & St. Louis R. R. Co.* v. *Horst, supra; St. Louis, Iron Mountain & Southern Ry.* v. *Vickers,* 122 U. S. 360, 363; *Lincoln* v. *Power,* 151 U. S. 436, 442.

At the common law, as generally understood and applied, a nonsuit could be taken freely at any time before verdict if not indeed before judgment. *Confiscation Cases,* 7 Wall. 454, 457; *Derick* v. *Taylor,* 171 Massachusetts, 444, 445; Bac. Abr. Nonsuit (D). And see *Pleasants* v. *Fant, supra,* 122. The right is substantial. When and how it may be asserted we think are questions relating directly to practice and mode of proceeding within intendment of the Conformity Act.

Section 3387, Virginia Code (1904), provides: "A party shall not be allowed to suffer a non-suit, unless he do so before the jury retire from the bar." Prior to this provision, a plaintiff there had the absolute right to take a

voluntary nonsuit at any time before verdict. *Harrison* v. *Clemens*, 112 Virginia 371, 373. Chapter 27, Va. Acts, 1912, directs "That in no action tried before a jury shall the trial judge give to the jury a peremptory instruction directing what verdict the jury shall render." And c. 42, *Idem*, provides: "In all suits or motions hereafter, when the evidence is concluded before the court and jury, the party tendering the demurrer to evidence shall state in writing specifically the grounds of demurrer relied on, and the demurree shall not be forced to join in the said demurrer until the specific grounds upon which the demurrant relies are stated in writing; nor shall any grounds of demurrer not thus specifically stated be considered, except that the court may, in its discretion, allow the demurrant to withdraw the demurrer; may allow the joinder in demurrer to be withdrawn by the demurree, and new evidence admitted, or a non-suit to be taken until the jury retire from the bar."

Citing *Parks* v. *Ross*, 11 How. 362, 373, and *Richardson* v. *Boston*, 19 How. 263, (see also *Schuchardt* v. *Allens*, 1 Wall. 359, 370), petitioner maintains that in the federal courts the practice of directing verdicts has superseded the demurrer to evidence and should be controlled by the same general principles. Therefore, it is said, the statutory rule which gives the judge discretion to allow or refuse a nonsuit after joinder in such a demurrer applies when there is a motion for directed verdict.

Obviously the laws of Virginia recognize a marked distinction between demurrer to evidence and direction of a verdict—the former is permitted, the latter is expressly prohibited. And the different nature and effect of the two things has been pointed out in *Oscanyan* v. *Arms Company, supra*, 264; *Central Transportation Co.* v. *Pullman's Palace Car Co.*, 139 U. S. 39; and *Slocum* v. *New York Life Insurance Co.*, 228 U. S. 364, 388. The conclusion announced in *Parks* v. *Southern Ry. Co.*, 143

Fed. Rep. 276, 277, that because federal courts may in proper cases direct verdicts, therefore, in the exercise of sound discretion they may deny an application for leave to take a nonsuit and direct verdict for defendant is not well founded.

Under the Virginia statute, in the absence of a demurrer to the evidence and joinder therein, the plaintiff may take a nonsuit at any time before submission of the case to the jury and their retirement. The Conformity Statute gives the same right in federal courts. This conclusion accords with opinions by the Circuit Courts of Appeals for the Sixth, Seventh and Eighth Circuits. *Knight* v. *Illinois Central R. R. Co.*, 180 Fed. Rep. 368; *Meyer* v. *National Biscuit Co.*, 168 Fed. Rep. 906; *Chicago, M. & St. P. Ry. Co.* v. *Metalstaff*, 101 Fed. Rep. 769.

The judgment below must be reversed and the cause remanded to the District Court with direction to set aside the judgment in favor of respondent and sustain motion to enter a nonsuit. *Knight* v. *Illinois Central R. R. Co.*, *supra*, 374; *Harrison* v. *Clemens*, *supra*, 374, 375.

*Reversed.*