## CONNALLY et al. v. LOUISVILLE & N. R. CO.

(Circuit Court of Appeals, Fifth Circuit. February 18, 1925.)

No. 4475.

1. **Railroads ⊜389(5)—Speed held not proximate cause of death of person voluntarily going in front of train.**

Where a person, struck and killed by a train, voluntarily stepped on the track in front of it, when it was so close that it could not be stopped before striking her, the speed of the train, though in excess of that permitted by law, was not a proximate cause of the death.

2. **Railroads ⊜400(1)—Direction of verdict held proper.**

Where, in an action against a railroad company for the death of a person killed by a train, it was shown by uncontroverted evidence that the death of deceased was voluntary, direction of a verdict for defendant was not error.

In Error to the District Court of the United States for the Southern District of Mississippi; Edwin R. Holmes, Judge.

Action at law by C. C. Connally and others against the Louisville & Nashville Railroad Company. Judgment for defendant, and plaintiffs bring error. Affirmed.

See, also, 297 F. 180.

J. H. Mize, of Gulfport, Miss., for plaintiffs in error.

Harry H. Smith, of Mobile, Ala., for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This was an action by the plaintiffs in error to recover damages for the death of Margaret Connally, which was attributed to the negligence of the defendant in error in operating a train at a rate of speed in excess of that permitted by law at the place within the corporate limit of the city of Gulfport, Miss., where the deceased was struck and killed. The defendant pleaded not guilty, and gave notice that it expected to show that the death of the deceased was not due to its negligence, but to the voluntary act of the deceased in knowingly and purposely walking in front of the moving train, with the purpose of committing suicide. At the conclusion of the evidence the court instructed the jury to find a verdict for the defendant. That ruling is assigned as error.

The deceased was struck by the engine of a train going west through Gulfport, about 9 o'clock in the morning, at a place, not on a street or public highway, but between two streets, which the railroad track crossed. Uncontradicted testimony of eyewitnesses was to the following effect: The deceased was in the vicinity of the place where she was killed some time before the train came. Before the train was in sight she was sitting on the side of the roadbed. When the train was approaching, and when it was about half a mile from where the deceased was struck, the railroad track between those points being straight, the engineer, who was on the right side of the engine, saw the deceased walking, in the direction the train was going, in a pathway on the right-hand side of the track, where she was in no danger from a passing train. She continued to walk in that pathway until the train got pretty close to her. Then she turned around, looked at the train, waiting there in the pathway until the train came closer, then went on the track, stood between the rails facing the train, and then knelt or squatted down on the track in front of the rapidly approaching train. When the deceased went on the track the approaching train was running at a speed of more than 20 miles an hour. At that place the law did not permit the running of a train at a greater rate of speed than 6 miles an hour. After it was first disclosed to those on the engine that the deceased was in danger therefrom, it was impossible to stop the train, running at the speed it then had, before the deceased was struck and killed. The deceased frequently expressed a purpose to take her own life.

[1] The excessive speed of the train cannot properly be regarded as a proximate cause of the deceased's death, if it was due to her voluntary act in getting on the track when the approaching train could not be stopped before hitting her; those in charge of the train having no reason to anticipate that she would do so. The intervention of the deceased's act in so going on the track under the circumstances stated, the speed of the train having no causal relation to that act, keeps the speed of the train from being a proximate cause of her death. Clarke v. Illinois Central R. Co. (C. C. A.) 286 F. 915; Louisville & Nashville R. Co. v. Daniels, 135 Miss. 33, 99 So. 434; Lang v. New York Central R. Co., 255 U. S. 455, 41 S. Ct. 381, 65 L. Ed. 723; Howell v. Illinois Central R. Co., 75 Miss. 242, 21 So. 746, 36 L. R. A. 545; Illinois Central R. Co. v. Dupree, 138 Ky. 459, 128 S. W. 334, 34 L. R. A. (N. S.) 645.

[2] Of course, the plaintiffs in error were not entitled to recover if the deceased com-

mitted suicide. It is not fairly open to dispute that the uncontroverted evidence that deceased's death was voluntary was of such conclusive character as to warrant the setting aside of a verdict in favor of the plaintiffs. In that situation it was not reversible error to direct a verdict in favor of the defendant. Clarke v. Illinois Central R. Co., supra; Barrett v. Virginian Ry. Co., 250 U. S. 473, 39 S. Ct. 540, 63 L. Ed. 1092; New York Life Ins. Co. v. Bradshaw, 2 F.(2d) 457.

The judgment is affirmed.