**SCHEUER et al. v. ST. PAUL FIRE & MARINE INS. CO.**

(Circuit Court of Appeals, Fifth Circuit. April 1, 1925.)

No. 4495.

Insurance ⚙═668(5)—Evidence requiring finding that insured was not sole and unconditional owner held to warrant directed verdict for defendants.

Evidence requiring finding that insured held title to insured property only as trustee, and that another was beneficial owner, subject to certain claims, *held* to warrant directed verdict for defendants, in action on policy providing that entire policy should be void if interest of insured was other than unconditional and sole ownership.

In Error to the District Court of the United States for the Northern District of Florida; William B. Sheppard, Judge.

Action by M. Scheuer and C. W. Cobb, trustees, and others, against the St. Paul Fire & Marine Insurance Company. Judgment for defendant, and plaintiffs bring error. Affirmed.

S. Pasco, Jr., of Pensacola, Fla., W. W. Clark, of Milton, Fla., and W. H. Watson, of Pensacola, Fla. (Watson & Pasco, of Pensacola, Fla., on the brief), for plaintiffs in error.

J. E. D. Yonge, of Pensacola, Fla., and Daniel MacDougald, of Atlanta, Ga. (R. A. McGeachy, of Milton, Fla., on the brief). for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This case was here on a former writ of error from a judgment in favor of the plaintiffs. St. Paul Fire & Marine Ins. Co. v. Scheuer, 298 F. 257. In the last trial, as in the former one, a principal defense relied on was based upon the provision of the policy sued on that "this entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void  *  *  *  if the interest of the insured be other than unconditional and sole ownership." In the last trial judgment was rendered in favor of the defendant, pursuant to a verdict which the court directed.

The insured, as trustees, held the legal title to the stock of goods mentioned in the policy. The opinion rendered when the case was here before described a declaration of trust, which was executed by the insured. The evidence showed that the creditors named in that instrument were to have no beneficial interest in the property, estimated to be worth $70,000, after their debts, which aggregated $22,000, were paid. The evidence also showed that, after those debts were paid, the extent of the rights in or to the property of the two trustees was to charge against it the amount, $5,000, received by them from Mrs. H. S. Bates, to be used in buying the property, with interest thereon, and the amount of expenses, including their compensation for their services as trustees. The evidence as to the circumstances under which the insured acquired and held the legal title convincingly points to the conclusion that, at the time the policy was issued and thereafter, H. S. Bates was the beneficial owner of the property, subject only to charges against it for the amounts furnished to buy it, with interest thereon, and the amount of the expenses, including the compensation of the trustees. Substantial support for a different finding was not furnished by testimony in the last trial as to the absence of any express agreement as to who was to be entitled to the property after the satisfaction of all the demands to which it was subject to be applied by the trustees.

The two trustees and H. S. Bates were witnesses in the last trial. In material respects the last given testimony of the trustees was not consistent with their testimony given in depositions previously taken. But testimony on the last trial shows that from the time they acquired the legal title the understand-

ing between them was that H. S. Bates, who was in possession of the property, was to have it as his own upon the payment of the above-mentioned charges against it. No evidence adduced had any tendency to prove that from the time the trustees bought the property any one other than H. S. Bates claimed to be entitled to what might be left of it after satisfying the charges mentioned. In view of that fact, and of the fact that the trustees, without getting the consent of any one else, did transfer to H. S. Bates whatever title they had, assertions by the trustees and Bates that at the time the policy was issued it had not been agreed between the trustees and Bates that the latter was to get the property after the charges against it were satisfied, do not keep the evidence as a whole from being such as to require a finding that the interest of the insured was other than sole and unconditional ownership. The state of the evidence being such as not to warrant a verdict for the plaintiffs, it was not error to direct a verdict for the defendant. Barrett v. Virginian Railway Co., 250 U. S. 473, 39 S. Ct. 540, 63 L. Ed. 1092.

The judgment is affirmed.