## NEW YORK LIFE INS. CO. v. WEAVER.

(Circuit Court of Appeals, Fifth Circuit. October 13, 1925.)

No. 4529.

1. Evidence ⬉87—When presumption against suicide or self-destruction may prevail stated.

Where cause of one's death is unexplained or undisclosed by evidence, or where evidence tending to prove self-destruction is contradicted, presumption against suicide may prevail; but where uncontroverted evidence, whether direct or circumstantial, shows how death was caused, and that it was self-inflicted, and not by accident or act of another, such presumption cannot prevail.

2. Trial ⬉139(1)—When court required to instruct verdict stated.

Whenever, in trial of civil case in federal courts, it is clear that state of evidence is such as not to warrant a finding in question, and that, if a verdict involving that finding were rendered, party adversely affected thereby would be entitled to a new trial, court must instruct jury not to render such a verdict.

**3. Insurance ☞663(12)—Court should have instructed verdict for defendant where uncontroverted evidence showed that insured had committed suicide.**

In suit on life policy, court should have instructed a verdict for defendant, where uncontroverted evidence showed that insured's death was caused by carbolic acid taken by him for purpose of self-destruction, and finding that his death was caused otherwise than by himself was not warranted.

In Error to the District Court of the United States for the Northern District of Georgia; Samuel H. Sibley, Judge.

Action by Thomas P. Weaver, as executor of the will of Clayton G. Weaver, against the New York Life Insurance Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Shepard Bryan and Grover Middlebrooks, both of Atlanta, Ga. (Louis H. Cooke, of New York City, Bryan & Middlebrooks, of Atlanta, Ga., and Horace & Frank Holen, of Athens, Ga., on the brief), for plaintiff in error.

Howell C. Erwin, Wm. L. Erwin, and Abit Nix, all of Athens, Ga., and R. L. Cox, of Monroe, Ga., for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This was an action by the defendant in error, suing as executor, on a life insurance policy issued to his testator, who died in May, 1922. The policy sued on was issued in May, 1921, for the sum of $7,000, and contained a provision for payment of double the face of the policy in case of the death of the insured resulting directly and independently from bodily injury effected solely through external, violent, and accidental cause. The policy contained the following provision: "In the event of self-destruction during the first two insurance years, whether the insured be sane or insane, the insurance under this policy shall be a sum equal to the premiums thereon which have been paid to and received by the company and no more."

The petition contained two counts; the first claiming $7,000, and the second claiming double that amount. The court ruled that plaintiff was not entitled to recover on the second count, on the ground that he failed to carry the burden of showing that the death of the insured resulted from external, violent, and accidental cause within the meaning of the policy. The claim asserted was resisted on the ground that during the first two insurance years the insured destroyed himself by drinking carbolic acid. The answer to the petition alleged that the total premium paid to and received by the defendant on the policy amounted to $211.68, and that that amount was tendered plaintiff and refused by him before the filing of the petition, and that tender was renewed by the answer. It was admitted that such tender was made and declined. The court refused to give an instruction requested by the defendant to the effect that the plaintiff was entitled to no recovery, except said amount tendered by the defendant.

There was uncontroverted evidence to the following effect: Immediately prior to his death the insured was living on a farm. Having disappeared from his home, a search for him was begun during the night of May 10, 1922. That night tracks, recognized as the insured's, were discovered which indicated that he had recently entered a swamp, where his movements could not be traced. Early the next morning his dead body was found on a farm road about three-fourths of a mile from his house and about half a mile from the swamp, where track of him was lost the night before. When found, the body was lying face downward, with insured's cap on the head and his glasses on the nose, and there were no signs of any struggle and no evidence of any external violence having been committed. When the body was found, there was the odor about it and from his mouth of carbolic acid, a deadly poison, if enough of it is taken internally. The tongue and inside of the mouth were white, having the appearance caused by burns from carbolic acid. There was no burn on the outside of the mouth. There was a spring about 80 yards from the place where the body was found. About 7 or 8 feet from that spring was found a gourd, which had been used for drinking purposes. The gourd had the odor of carbolic acid; the odor about the gourd being the same as that about the body. The handle or stem of the gourd had been cut or sawed off, so that one could drink water or other liquid through its hollow handle or stem, without the liquid coming in contact with the outside of his mouth. The insured had no disease or ailment that could account for his death. At the time of his death he was insolvent. Included in his liabilities were amounts owing by him to two persons for whom he was guardian; the amount owing to one of them being about $3,200, and the amount owing to the other being about $3,300. Besides the policy sued on, he had two other policies on his life, one for about $9,000, which

had been in force for many years, and another for about $3,600. At the time of his death he had only $6.94 on deposit in bank, and from his assets other than life insurance policies his executor realized only about $1,800.

[1] It is not to be denied that above-mentioned evidence indicated the existence of a motive or cause for committing suicide. There was ground for inferring that the insured realized that his liabilities for trust funds would not be satisfied, except in the event of his death and the collection of insurance on his life, and that he chose to end his own life rather than face the consequences of a disclosure of such a misappropriation of trust funds as uncontroverted evidence indicated he had been guilty of. Evidence adduced disclosed circumstances of his death, and the only evidence as to the cause of his death indicated that it was the result of his own act in taking into his body a deadly poison. No evidence indicated that the taking of the poison was accidental, or was due to the intervention of another. Where the cause of one's death is unexplained or undisclosed by evidence, or where evidence tending to prove self-destruction is contradicted or impeached, or some evidence adduced is consistent with a reasonable hypothesis that the death was not self-caused, the presumption against suicide or self-destruction may prevail. But such presumption cannot properly prevail where uncontroverted evidence, whether direct or circumstantial, shows how the death was caused and that it was self-inflicted, and not by accident or the act of another. New York Life Ins. Co. v. Bradshaw (C. C. A.) 2 F.(2d) 457; Connally v. Louisville & N. R. Co. (C. C. A.) 4 F.(2d) 539.

[2, 3] We are of opinion that the uncontroverted evidence in the instant case so convincingly showed that the insured's death was caused by carbolic acid taken by him for the purpose of self-destruction that a finding that his death was caused otherwise than by himself was not warranted. It is a settled rule in the courts of the United States that whenever, in the trial of a civil case, it is clear that the state of the evidence is such as not to warrant a finding in question, and that if a verdict involving that finding were rendered the party adversely affected thereby would be entitled to a new trial, it is the right and duty of the court to instruct the jury not to render such a verdict. Barrett v. Virginian Ry. Co., 250 U. S. 473, 39 S. Ct. 540, 63 L. Ed. 1092. We think that the evidence in the instant case was such that it called for the application of that rule, and that the result of applying it was that plaintiff was entitled to have the above-mentioned instruction given to the jury. It follows that the court erred in refusing to give that instruction. Because of that error, the judgment is reversed, and the cause is remanded for new trial.

Reversed.