## SENTER v. WESTERN UNION TELE-GRAPH CO.

(Circuit Court of Appeals, Fifth Circuit. November 22, 1926. Rehearing Denied January 6, 1927.)

No. 4730.

Trial ⬅139(1)—Directed verdict against party for whom evidence would not support verdict is not error.

Where evidence clearly shows finding for plaintiff was not warranted, and if jury should make such finding defendant would be entitled to new trial, instruction not to render verdict finding for plaintiff was proper.

In Error to the District Court of the United States for the Northern District of Texas; William H. Atwell, Judge.

Action by E. G. Senter against the Western Union Telegraph Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Charles W. Starling, of Dallas, Tex. (Wallace & Taylor, Carden, Starling, Carden & Hemphill, and E. G. Senter, all of Dallas, Tex., on the brief), for plaintiff in error.

W. H. Flippen, of Dallas, Tex. (W. H. Flippen, of Dallas, Tex., and Francis R. Stark, of New York City, on the brief), for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. E. G. Senter sued the Western Union Telegraph Company to recover an amount alleged to be due to him for services rendered by him as a lawyer in a suit to which that company was a party. The claim asserted was resisted on the ground that whatever services were rendered by Senter in that suit were rendered under a contract or arrangement between him and N. L. Lindsay, who alone was employed by the telegraph company to represent it in that case, and that the telegraph company did not employ Senter, or consent to become liable to pay him for the services he rendered. Pursuant to a verdict which the court directed, judgment was rendered in favor of the telegraph company, and the case is here on a writ of error.

The result of a careful consideration of the evidence adduced is the conclusion that that evidence was not such as to require the submission to the jury of the question whether the telegraph company was or was not subject to the liability asserted. The evidence as a whole so convincingly showed the absence of any contractual relation between Senter and the telegraph company, and that the latter was not subject to the liability asserted, as to make it clear that a finding in favor of Senter, based on that evidence, was not warranted, and that, if the jury should make such a finding, the telegraph company would be entitled to a new trial. Such being the state of the evidence, it was not error for the court to instruct the jury not to render a verdict involving such a finding. Barrett v. Virginian Ry. Co., 250 U. S. 473, 39 S. Ct. 540, 63 L. Ed. 1092; New York Life Ins. Co. v. Weaver (C. C. A.) 8 F.(2d) 680.

The judgment is affirmed.