## LONG et al. v. AMERICAN RY. EXPRESS CO.*

Circuit Court of Appeals, Fifth Circuit. February 14, 1929.

No. 5288.

Wm. E. Orgain, of Beaumont, Tex., T. W. Davidson, of Dallas, Tex., and W. E. Spell and W. L. Eason, both of Waco, Tex., for appellants.

Palmer Hutcheson, of Houston, Tex. (A. M. Hartung, of New York City, Taylor, Atkinson & Farmer, of Waco, Tex., and Baker, Botts, Parker & Garwood, of Houston, Tex., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is an appeal from a judgment based on a directed verdict for the appellee express company, in an action at law brought against it by appellants to recover damages for delay in the delivery of an express package.

The package in question was accepted by the express company on the afternoon of November 8, 1921, at Waco, Tex., for transportation and delivery to the clerk of the Civil Court of Appeals at Amarillo, Tex.; and

*Rehearing denied March 25, 1929.

was received at the express office in Amarillo on the afternoon or night of the 10th. The 11th was Armistice Day and a legal holiday, and delivery to the clerk was not made until the 12th. That package contained a petition for writ of error and other court papers, by means of which these appellants were seeking to have the Supreme Court of Texas reverse a judgment in favor of one Martin for $14,000 that had been rendered against them by the trial court and affirmed by the Court of Civil Appeals. It appears from the evidence that the Court of Civil Appeals overruled a motion for rehearing in the Martin suit on October 12, 1921, and that the Commission of Appeals recommended to the Supreme Court that the judgment be reversed. However, the Supreme Court held that it was without jurisdiction to consider the case on its merits, and dismissed the writ of error on the ground that the petition therefor had not been filed with the clerk of the Court of Civil Appeals within 30 days after the overruling of the motion for rehearing, as required by law. Long v. Martin, 112 Tex. 365, 247 S. W. 827. Appellants subsequently paid off the judgment, and seek in this suit to recover from the express company the amount thereof, together with interest and costs. Their original petition is not incorporated in the transcript of record. They relied at the trial on two amended petitions. The first alleged a contract to make delivery of a package on or before November 10, and the second a failure to make such delivery within a reasonable time. Both of these amendments were filed after the cause of action was barred by the statute of limitations. In neither of them was the claim advanced that there was any delay in transportation.

The package was shipped by one of the attorneys for appellants. He testified that he told the express company's agent Montgomery that his clients would lose $15,000 unless the court papers were delivered to the clerk on or before the 10th of November. Montgomery denied this, and, in an effort to keep the petition for a writ of error in the Martin suit from being dismissed, the same attorney filed in the Supreme Court an affidavit by Montgomery which contained the following statement: "At the time said package was delivered, as aforesaid, the said Eason stated to the clerk receiving the package and to myself that it contained court papers referring to a law suit involving $15,000.00 and he desired that said package be delivered in Amarillo November 10, 1921, and I stated to said Eason that the Express Com-

pany would not guarantee delivery at any specific time, but that barring washouts and other unavoidable accidents and under normal conditions and regular schedules the package ought to reach Amarillo on November 10, 1921."

It is undisputed that the attorney offered to pay more than the regular rate if the express company would agree to make delivery on November 10; that Montgomery refused to accept that offer or to agree on behalf of the express company to make delivery at any particular time or day; and that finally the shipment was made upon a valuation of $100, fixed by the attorney, who accepted a receipt which provided that the liability of the express company should not exceed that amount. The express package could have reached Amarillo either in the afternoon or about 10 o'clock at night of November 10, but the testimony goes no further than to show that it was there at 11 o'clock that night. The clerk's office was open on Armistice Day from 8 to 11 o'clock in the morning, and from 2 to 2:30 o'clock in the afternoon.

█ A contract for delivery to the consignee on November 10 was alleged, but was not proved even by the evidence for appellants. The uncontradicted evidence shows that appellee's agent refused to make the contract declared on, and it therefore becomes unnecessary to consider whether such contract would have been a violation of the public policy or laws of Texas. It is argued for appellee that the allegation of the failure to deliver within a reasonable time stated a new cause of action that was barred by the Statute of Limitations. We cannot intelligently determine that question without having before us the original petition which was left out of the transcript. It may be that the original petition contained allegations which would have sustained a recovery for a breach of duty involved in the failure to deliver within a reasonable time. As the time taken in transportation is not complained of, the only question that is properly before us on the subject of liability is whether the trial court erred in directing a verdict for appellee on the ground that delivery of the package to the consignee on November 12 was made within a reasonable time. Assuming that notice to appellee's agent of the possible loss to appellants of $15,000 was notice to appellee, we are of opinion that the trial court would have been justified in holding that the evidence was insufficient to support the inference that such notice was given to the agent. The testimony of the attorney and

the agent was in direct conflict on this subject. The agent was corroborated by the circumstantial evidence. The attorney adopted the agent's version of their conversation by making use of the latter's affidavit before the Supreme Court. That affidavit was inconsistent with the attorney's testimony in that in stating the substance of the conversation no mention was made of the possible loss of $15,000 to appellants as the result of a delay in delivering the package to consignees. On the contrary, it stated that the agent's information was that the package contained papers connected with a lawsuit in which $15,000 was involved. The attorney himself placed upon the papers the value of $100, and signed the express receipt which, according to its terms, relieved appellee from liability over and above that amount. The conversation between the attorney and the agent was preliminary to the contract of carriage evidenced by the express receipt, and it is quite clear that the agent did not understand that he was assuming for his employer the responsibility for a large amount of money. A party to a contract can only be held responsible for such damages as may reasonably be supposed to be in the contemplation of both parties. 8 R. C. L. 455. See, also, Globe Refining Co. v. Landa Cotton Oil Co., 190 U. S. 540, 23 S. Ct. 754, 47 L. Ed. 1171. The action of the district judge in directing a verdict for appellee is consistent with the view that he believed that the evidence was such as not to warrant a verdict based upon a finding that notice of a large possible loss to appellants was in fact given by the attorney to the agent. If he did so believe, it would have been his duty to grant a new trial if a verdict had been rendered in favor of appellants for the amount of the judgment in the Martin suit, and therefore he was justified in preventing the jury from rendering such a verdict by a peremptory instruction. Empire State Cattle Co. v. Atchison, etc., Ry. Co., 210 U. S. 1, 28 S. Ct. 607, 52 L. Ed. 931, 15 Ann. Cas. 70; Barrett v. Virginian Ry. Co., 250 U. S. 473, 39 S. Ct. 540, 63 L. Ed. 1092.

█ Although it was proper under the evidence to deny recovery of special damages, because of a lack of notice, appellants were still entitled to recover the $100, the agreed value of the papers, unless as a matter of law those papers were delivered to the consignee within a reasonable time. The first day on which it is shown that delivery could have been made was November 11, since, so far as it appears, the package was not received until after business hours on the pre-

eeding night; that was Armistice Day and was being celebrated as a legal holiday. As the package was apparently of small value, delivery on the next business day after it was received was made within a reasonable time.

The judgment is affirmed.