## WISE v. UNITED STATES.
### No. 6755.

Circuit Court of Appeals, Fifth Circuit.

Jan. 25, 1933.

John N. Snell and Kenneth H. Aynesworth, Jr., both of Houston, Tex., for appellant.

H. M. Holden, U. S. Atty., and Douglas W. McGregor, Asst. U. S. Atty., both of Houston, Tex., and Charles R. Guinn, Chief Atty., Veteran's Administration, of San Antonio, Tex.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

This appeal is from an instructed verdict. Plaintiff, suing on a war risk insurance policy, was unable to make out a case which in the opinion of the trial court entitled him to have a jury verdict on his claim that in 1919, when he paid his last premium, he was totally and permanently disabled within the meaning of his policy. He claims here that the conclusion which the District Judge reached was a conclusion, not of law, but of fact. That the case was taken from the jury to be decided on its facts by the judge. As evidence of this, he points to the memorandum opinion [1] filed by the court on the motion for new trial. In this opinion, citing Long v. American Ry. Express Co. (C. C. A.) 30 F.(2d) 571, the District Judge stated in substance that he had instructed the verdict because, convinced that plaintiff did not become totally and permanently disabled while the policy was in force, he could not approve a verdict for him. We do not think the judge meant to say that he instructed the verdict because he disbelieved the testimony of plaintiff, or because of his view of the weight of the evidence. Whatever moved him, however, to instruct is not controlling here, for, if the evidence was such that reasonable minds could draw a conclusion from it in plaintiff's favor, the case must be reversed, while, if it is not, it must be

---

[1] Not for publication.

affirmed. The record shows that the District Judge gave most careful consideration to the controlling question in this case, whether there was any evidence to take it to the jury. He declined to instruct at the close of plaintiff's case. It was only after the defendant had closed and renewed its motion that he did so. At that time, while he did state that upon the authority of the Long Case he regarded it as his duty to instruct a verdict for the defendant in cases where he would not permit one to stand if it was found for the plaintiff, he added that, viewing the testimony in the light most favorable to plaintiff, he was convinced that as a matter of law, he had not made out a case. Reid v. Maryland Casualty Co. (C. C. A.) 63 F.(2d) 10.

A careful reading of the record, giving the evidence the most favorable view for plaintiff which it admits of, shows that it proves no more than that plaintiff received an injury before his policy lapsed. This evidence, considered both in the light of the then presently apprehended effect of his injuries and of that thrown upon their then condition by the lapse of time since, wholly fails to show that there existed, while the policy was in force, a total permanent disability. As in Crume's Case (C. C. A.) 54 F.(2d) 556, the evidence shows injuries of a character partially disabling occurring within the life of the policy, the results of which manifested themselves thereafter in a series of successive, but isolated, onsets. It does not show the existence of a disability having the character of totality and the quality of permanence, which, establishing itself completely during the life of the policy, has continued unabated since. Though there is something of an avuncular nature in the provisions which the government made for these policies, in the end they are contracts, and liability under them springs only in accordance with their terms. United States v. Martin (C. C. A.) 54 F.(2d) 554.

We agree with the District Judge that one who more than ten years after his policy has lapsed makes a claim for the first time that he became totally and permanently disabled while his policy was in force, and has continued since and will continue to be so, must be prepared to support that claim by clear evidence. He must show, by evidence contemporaneous with the life of the policy, the then totality and permanence of his disability as a fact existing and accepted, or he must show conditions then existing which, read in their own light and in the light of subsequent events, make it reasonably probable that, though then unclaimed and unrecognized, total and permanent disability did then in fact exist. It is not enough that the evidence afford a basis for a possible inference that it did; it must make the inference that it did appear reasonably probable.

This case does not satisfy that requirement. Other insufficiencies aside, the record makes it clear that the injuries which appellant now claims as most disabling are in their nature nonpermanent. It is undisputed that the condition of his shoulder and ankle could have been remedied by a comparatively minor operation. It certainly cannot be said that an injury which in its nature is alleviable by proper treatment is permanent, because many years afterward, no such treatment having been given, it still persists. In this case, as in Crume's Case, there is nothing firm upon which the verdict of the jury may rest. Not only is there entire lack of medical evidence, but the evidence of plaintiff and the other lay witnesses, given full effect, does not make out a case. Nicolay v. U. S. (C. C. A.) 51 F.(2d) 170; Eggen v. U. S. (C. C. A.) 58 F. (2d) 616; U. S. v. Crume (C. C. A.) 54 F. (2d) 556.

While it is certainly the law that the question of total and permanent disability, where there is any evidence to support a finding of it, is for the jury, it is also clear that the court must not submit a case where there is nothing but conjecture and surmise to rest a verdict on.

"It is undoubtedly true that cases are not to be lightly taken from the jury; that jurors are the recognized triers of questions of fact. * * * Hence it is that seldom an appellate court reverses the action of a trial court in declining to give a peremptory instruction for a verdict one way or the other. At the same time, the judge is primarily responsible for the just outcome of the trial. He is not a mere moderator of a town meeting, submitting questions to the jury for determination, nor simply ruling on the admissibility of testimony, but one who in our jurisprudence stands charged with full responsibility. He has the same opportunity that jurors have for seeing the witnesses, for noting all those matters in a trial not capable of record, and when in his deliberate opinion there is no excuse for a verdict save in favor of one party, and he so rules by instructions to that effect, an appellate court will pay large respect to his judgment." Patton v. Texas & P. R. Co., 179 U. S. 659, 21 S. Ct. 275, 276, 45 L. Ed. 361.

A careful reading of the record convinces us that the verdict should have been instructed. The judgment is affirmed.