## UNITED STATES v. BARNETTE.

### No. 8408.

Circuit Court of Appeals, Fifth Circuit.

June 30, 1937.

Fendall Marbury and Wilbur C. Pickett, Sp. Assts. to Atty. Gen., Young M. Smith, Atty., Department of Justice, of Washington, D. C., Julius C. Martin, Dr. of Bur. War Risk Litigation, of Washington, D. C., Harvey G. Fields, U. S. Atty., and J. Fair Hardin, Asst. U. S. Atty., both of Shreveport, La., for the United States.

James Madison, of Bastrop, La., and H. F. Madison, Jr., of Monroe, La., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit was on a war risk contract for the benefits it provided for total and permanent disability. The claim was that the veteran was totally and permanently disabled in 1919 when he was discharged. The defenses to the suit were two: (1) To the jurisdiction, because not filed in time; (2) to the merits, for failure of proof. The District Judge tried the jurisdictional question and determined it in plaintiff's favor. Over the objection of defendant that a verdict should be instructed for it, he sent the merits to the jury, who found for plaintiff. This appeal tests these rulings for error.

The ruling on jurisdiction is assailed as in the face of proof and presumption that the disagreement letter, upon which the jurisdiction was based, was mailed more than ninety days before the suit was filed. It is defended as supported, if not required, by the effect of the whole proof that it was not mailed until shortly before the suit was filed. The ruling that a jury issue was made out on the merits is assailed as in complete disregard of the failure of the proof to show the onset of permanent and

total disability while the policy was in force. It is defended as supported by evidence demanding that the issue be sent to the jury.

We find the rulings unexceptionable. It is not disputed that the veteran timely filed his claim with the Veteran's Bureau, nor that he was at discharge, and ever since has been, to some extent disabled. As to the jurisdiction, the claim of appellant that under date of January 12, 1932, the Veteran's Administration addressed and mailed to the veteran at his last address of record, a carbon copy of a disagreement letter, was supported by its file containing a disagreement letter of that date. It was supported, too, by testimony as to office practices in regard to the signing and mailing of such letters, offered and relied on as circumstantial proof of mailing.

But this was not the whole proof. Plaintiff and his witnesses, including his attorney and the person in whose care his letters were addressed, proved by positive and uncontradicted evidence, which the trial judge found to be true, that the January 12th letter was never received by him, and that the first notice of the disagreement the veteran had was the letter of October 20, 1932, advising his attorney that under date of January 12, 1932, a disagreement letter had been written and addressed to the veteran.

It may not be doubted that mailing may be made by law the equivalent of actual notice, nor that when so made a finding of mailing may be based on evidence of office practices measuring up to the exacting standards required of such proof. United States ex rel. Helmecke v. Rice (D. C.) 281 F. 326. But appellant is here, with no finding in its favor, and with the general deficiencies in particularity of the proof they offer magnified by its particular deficiency in not including the testimony of the mailing clerk. In view of these deficiencies, and of the positive testimony of appellee and his witnesses as to the nonreceipt of the notice, appellant's attack upon the jurisdictional finding must fail.

Nor is appellant's point on the merits any better taken. The District Judge, upon whom the primary duty rested to determine whether a jury issue was made out, has upon most due and careful deliberation, and after two trials, found that there was. This determination, while not binding

upon, should be, it is, most persuasive with us. It should not be reversed except upon a clear showing of error. Wise v. United States (C.C.A.) 63 F.(2d) 307.

We have carefully and painstakingly read and considered the record. We do not find it so wanting in evidence, that plaintiff's arthritic condition became totally and permanently disabling while the policy was in force, as to justify substituting our judgment for that of trial court and jury. United States v. O'Daniel (C.C.A.) 73 F. (2d) 886.

Affirmed.