### DIEDERICH et al. v. AMERICAN NEWS CO.

No. 2460.

Circuit Court of Appeals, Tenth Circuit.
April 30, 1942.

T. Austin Gavin, of Tulsa, Okl. (Wendell B. Barnes, of Tulsa, Okl., on the brief), for appellants.

R. D. Hudson, of Tulsa, Okl. (W. E. Hudson, of Tulsa, Okl., on the brief), for appellee.

Before PHILLIPS, MURRAH, and WILLIAMS, Circuit Judges.

PHILLIPS, Circuit Judge.

Peter J. Diederich and Rose Marie Diederich [1] brought this action against the American News Company [2] to recover damages for the death of Bernard J. Diederich,[3] alleging it to have been caused by the negligence of the News Company.

The sole question presented is whether the court erred in directing a verdict for the News Company on the ground that it appeared from the evidence, as a matter of law, that the decedent assumed the risk of the defective equipment upon which the claim of negligence was predicated.

Section 6, Art. XXIII, of the Oklahoma Constitution, O.S.1941, p. 106, provides: "The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact, and shall, at all times, be left to the jury."

It is not contended that the undisputed evidence did not establish, as a matter of law, that decedent assumed the risk of the defective equipment. It is urged, however, that the Oklahoma constitutional provision is controlling in the federal courts, and that the trial court should have submitted that issue to the jury.

Amendment VII to the Federal Constitution guarantees to litigants in suits at common law, where the value in controversy exceeds $20, the right of trial by jury. This right guaranteed by the Federal Constitution is the right of trial by jury as at common law. It means a trial by a jury of twelve men in the presence and under the superintendence of the judge empowered to instruct them on the law and advise them on the facts, and (except on acquittal of a criminal charge) to set aside their verdict if in his opinion it is contrary to the law or the evidence.[4]

In Baltimore & Carolina Line, Inc., v. Redman, 295 U.S. 654, 657, 55 S.Ct. 890, 891, 79 L.Ed. 1636, the court said: "The right of trial by jury thus preserved is the right which existed under the English common law when the amendment was adopted. * * * The aim of the amendment, as this Court has held, is to preserve the substance of the common-law right of trial by jury, as distinguished from mere matters of form or procedure, and particularly to retain the common-law distinction between the province of the court and that of the jury, whereby, in the absence of express or implied consent to the contrary, issues of law are to be resolved by the court and issues of fact are to be determined by the jury under appropriate instructions by the court." [5]

In Herron v. Southern Pacific Co., 283 U.S. 91, 51 S.Ct. 383, 384, 75 L.Ed. 857, in considering § 5, Art. 18, of the Arizona Constitution, substantially identical with § 6, of Art. XXIII, of the Oklahoma Constitution, the court said:

"The controlling principle governing the decision of the present question is that, state laws cannot alter the essential character or function of a federal court. The function of the trial judge in a federal court is not in any sense a local matter, and state statutes which would interfere with the appropriate performance of that function are not binding upon the federal court under either the Conformity Act [28 U.S.C.A. § 724] or the 'Rules of Decision' Act [28 U.S.C.A. § 725]. Thus, a federal court is not subject to state regulations, whether found in constitutional provisions or in statutes, providing that the court shall not give an instruction to the jury unless reduced to writing, or that written instructions shall be taken by the jury in their retirement (Nudd v. Burrows, 91 U.S. 426, 441, 442, 23 L.Ed. 286; [City of] Lincoln v. Power, 151 U.S. 436, 442, 14 S.Ct. 387, 38 L.Ed. 224); or that the court shall re-

---

[1] Hereinafter called plaintiffs.

[2] Hereinafter called the News Company.

[3] Hereinafter called the decedent.

[4] Herron v. Southern Pacific Co., 283 U.S. 91, 95, 51 S.Ct. 383, 75 L.Ed. 857; Capital Traction Company v. Hof, 174 U.S. 1, 13, 14, 19 S.Ct. 580, 43 L.Ed. 873.

[5] See, also, Dimick v. Schiedt, 293 U.S. 474, 476, 486, 487, 55 S.Ct. 296, 79 L.Ed. 603, 95 A.L.R. 1150; Gasoline Products Co., Inc., v. Champlin Refining Co., 283 U.S. 494, 498, 51 S.Ct. 513, 75 L.Ed. 1188.

quire the jury to answer special interrogatories in addition to their general verdict (Indianapolis & St. Louis R. Co. v. Horst, 93 U.S. 291, 300, 23 L.Ed. 898); or that the court shall not express any opinion upon the facts (Vicksburg & Meridian R. Co. v. Putnam, 118 U.S. 545, 553, 7 S.Ct. 1, 30 L. Ed. 257); or charge the jury with regard to matters of fact (St. Louis, Iron Mountain & Southern Ry. Co. v. Vickers, 122 U. S. 360, 363, 7 S.Ct. 1216, 30 L.Ed. 1161); or shall not direct a verdict, where the evidence is such that a verdict the other way would be set aside (Barrett v. Virginian Railway Co., supra [250 U.S. 473, 39 S.Ct. 540, 63 L.Ed. 1092]). * * *

"Where, in an action in a federal court to recover damages for personal injuries, contributory negligence or assumption of risk constitutes a defense, and, by reason of the facts being undisputed and of the absence of conflicting inferences, the evidence of contributory negligence or assumption of risk is conclusive and the question is one of law, the judge has the right and duty to direct a verdict for the defendant. [Chicago, R. I. & P.] Railroad Company v. Houston, 95 U.S. 697, 702, 24 L.Ed. 542; Northern Pacific R. Co. v. Freeman, 174 U.S. 379, 384, 19 S.Ct. 763, 43 L.Ed. 1014; Southern Pacific Co. v. Berkshire, 254 U.S. 415, 418, 419, 41 S.Ct. 162, 65 L.Ed. 335; Baltimore & Ohio R. Co. v. Goodman, 275 U.S. 66, 69, 70, 48 S. Ct. 24, 72 L.Ed. 167, 56 A.L.R. 645." [6]

Counsel for plaintiffs urge that under the doctrine of Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, federal courts are required to follow state law.

The right guaranteed by the Federal Constitution is one of substance, not mere form or procedure.[7] But it is a substantive right which flows from the Federal Constitution which is the supreme law of the land, and which cannot be impaired or taken away by state constitutional or statutory provision.[8]

The power of the judge to pass upon questions of law is just as much an es-

sential part of the process of trial by jury at common law guaranteed by the Seventh Amendment, as is the power of the jury to pass upon questions of fact. Should the argument of counsel for plaintiffs be followed to its logical conclusion, a state might provide that in suits at common law the jury shall be the sole judge of the law as well as the facts. This would make a mere moderator out of the federal trial judge. As said by the court in Herron v. Southern Pacific Co., supra,

"In a trial by jury in a federal court, the judge is not a mere moderator, but is the governor of the trial for the purpose of assuring its proper conduct and of determining questions of law. This discharge of the judicial function as at common law is an essential factor in the process for which the Federal Constitution provides."

We conclude that the Oklahoma constitutional provision is not controlling in trials in federal courts, and the judgment is affirmed.

---

[6] Gasoline Products Co., Inc., v. Champlin Refining Co., 283 U.S. 494, 498, 51 S.Ct. 513, 75 L.Ed. 1188; Walker v. New Mexico & S. P. R. R. Co., 165 U.S. 593, 596, 17 S.Ct. 421, 41 L.Ed. 837.

[7] See, also, Woolworth Co. v. Davis, 10 Cir., 41 F.2d 342, 346; Barrett v. Virginian Ry. Co., 250 U.S. 473, 476, 39

S.Ct. 540, 63 L.Ed. 1092; Oklahoma Natural Gas Co. v. McKee, 10 Cir., 121 F.2d 583, and cases cited in Note 1, page 585.

[8] Patton v. United States, 281 U.S. 276, 289, 290, 50 S.Ct. 253, 74 L.Ed. 854, 70 A.L.R. 263; Wood v. United States, 65 App.D.C. 330, 83 F.2d 587, 590.