**Leroy STANLEY, Charlie Watts Worrell, Jr., and Ben Jackson, Jr., Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 7240.**

United States Court of Appeals Fourth Circuit.

Argued Oct. 3, 1956.

Decided Nov. 8, 1956.

· Edgar L: Morris, Columbia, S. C. (Henry H. Edens, Henry Hammer, Columbia, S. C., and Terrell L. Glenn, Columbia, S. C., on brief), for appellant Charlie Watts Worrell, Jr.

. James E. Reagan, Columbia, S. C., for appellant Leroy Stanley, and W. Ray Berry, Columbia, S. C., for appellant Ben Jackson, Jr.

Irvine F. Belser, Jr., Asst. U. S. Atty., Columbia, S. C. (N. Welch Morrisette, Jr., U. S. Atty., Columbia, S. C., on brief), for appellee.

Before SOPER, Circuit Judge, SOBELOFF, Circuit Judge, and BRYAN, District Judge.

BRYAN, District Judge.

Leroy Stanley, Charlie Watts Worrell, Jr. and Ben Jackson, Jr. appeal from their convictions of a conspiracy[1] to violate, and of immediate violations of, the Internal Revenue laws relating to distilled spirits.[2] Named with them as a conspirator, but not charged with the conspiracy, was one Milton Mack; he was, however, a defendant in several counts of the common indictment for the same or similar individual offenses as were charged to the appellants. In the joint trial he was convicted too, but he has not appealed. Nor are we concerned with the disposition of the case in respect to the two remaining defendants in the indictment.

To the judgment of conspiracy all three appellants assign the same and single error: that the court allowed post-conspiracy, written statements of Milton Mack and Vernell Mack, his son, which incriminated the appellants as well as Milton Mack, to be used in the impeachment of the declarants in cross-examination, and subsequently admitted the statements in evidence, without timely or adequate caution to the jury that the statements could be considered only against the declarants, respectively, and not against the appellants. Each appellant asserts, in addition, other errors in his conviction of the substantive offenses.

The statements had been given, before trial, to an investigator for the Alcohol and Tobacco Tax Unit after the cessation of the alleged conspiracy; they consisted of a narrative by Milton Mack of the participation of himself and the appellants in the plot, and an account by Vernell Mack of his observation of these activities. After proof of its execution and voluntary character, Milton's statement was proffered in evidence, unrestrictedly, as part of the Government's case in chief. Upon objection the Government limited its proffer as evidence against Milton only. At this point the court excluded the paper.

The court was of the opinion that while, obviously, the statement was admissible against Milton, it was clearly not competent evidence against any of the other defendants. Further, the court felt that, practically, the statement could not be confined to Milton because in it Milton's activities were inextricably interwoven with those of his co-defendants and complotters. The trial judge concluded that the appellants could not be adequately protected from the statement if it were read to the jury, even though the court should concurrently give appropriate admonitions to the jury. However, the agent who took the statement was permitted to testify as to what Milton had told him about Milton's complicity in the offenses, omitting mention of the other defendants.

Vernell's statement, although its voluntariness had been prima facie proved, was not presented as a part of the prosecution's opening case. He was called, by

1. 18 U.S.C.A. § 371; 26 U.S.C.A. (1939 Internal Revenue Code) §§ 2803, 2810, 2821, 2833, 2913, 3115, 3116, 3253, and 3321.

2. 26 U.S.C.A. (1939 Internal Revenue Code) §§ 2803, 2913, 3321.

the attorney for Milton Mack, as the first defense witness. On the stand he denied any involvement of his father in the whiskey offenses. Upon cross-examination he admitted his signature to the statement but repudiated its contents, contending that it had been obtained through coercion and that he had not made the declarations embraced in it. Over the objection of the appellants, the United States Attorney in interrogating Vernell read the statement to him in full, at the end of each line asking the witness if he had so stated. Receipt of the statement in evidence was postponed by the court until it could hear again the testimony of those who had taken it.

On the following day, Milton Mack testified in his own defense. He, too, denied his alleged part in the crimes described in the indictment. On cross-examination he acknowledged his signature to his statement but, like Vernell, disavowed its substance. The District Attorney questioned Milton as he had Vernell, reading his statement to him and inquiring with each line whether he had so informed the agent.

After the defense had rested, the United States recalled the investigator and he again vouched the fairness of the circumstances under which the statements were obtained. Thereupon the court admitted in evidence the earlier rejected statement of Milton Mack as well as the statement of Vernell Mack theretofore deferred.

Undoubtedly, the jury was thus completely apprised of the comprehensive implication, by Milton and Vernell before trial, of the appellants in the crimes laid in the indictment. But we do not agree that this disclosure of the statements constituted reversible error. We find that the District Judge did warn the jury that the statements were not evidence against the appellants; and we think his admonitions were enough to avoid any prejudice to the appellants which the statements otherwise might have imparted to the jury.

That these declarations were binding only upon their respective subscribers—that they were not evidence against the appellants—is necessarily a concessum in this case. That for their impeaching properties they could be used in cross-examination of Milton and Vernell, as witnesses, cannot be denied; Walker v. U. S., 4 Cir., 1939, 104 F.2d 465, 470; Wheeler v. U. S., 1953, 93 U.S.App.D.C. 159, 211 F.2d 19, 26; and that Milton's statement was, in addition, competent proof to the truth of his alleged criminal conduct, likewise is plain, for he was a defendant as well as a witness and this was his confession. These purposes entitled the statements to admission in evidence, notwithstanding that the other defendants were detrimentally mentioned in the statements. Stein v. People of State of New York, 1953, 346 U.S. 156, 194, 73 S.Ct. 1077, 97 L.Ed. 1522; Opper v. U. S., 1954, 348 U.S. 84, 95, 75 S.Ct. 158, 99 L.Ed. 101; Robinson v. U. S., 1954, 93 U.S.App.D.C. 347, 210 F.2d 29, 32. The only question now is whether the court properly circumscribed the evidential force and reach of the statements. The law required the trial court to do so by prudently counseling the jury against the danger of injury to the other defendants. Lutwak v. U. S., 1952, 344 U.S. 604, 618, 73 S.Ct. 481, 97 L.Ed. 593. Looking at the whole trial we think the jury was sufficiently advised by the judge, and were well aware, that each statement was evidence only in respect to the person who made it.

It is true that when the statements were bared to the jury the court did not, on either occasion, give immediate explanation to the jury of the limited effect they could give to the statement. Accompanying advice on the point by the court was certainly desirable; it would have been a salutary measure. As will be pointed out, however, we believe that the court's earlier observations to the parties in the presence of the jury, and its subsequent explicit directions to the jury, remedied its failure to give con-

comitant instructions as reference was made to the statements.

Milton Mack's statement was initially mentioned in the case when its execution was proved through the investigator adduced by the Government in its opening. At that time the court made it quite clear to everyone that the statement was not employable against any of the defendants save Milton. In other connections throughout the trial, the court called the attention of the jury to the rule, and necessity, of not considering statements against anyone save the author, except in prescribed circumstances. When Milton's statement was tendered in evidence, in the afternoon following the morning of its use in his cross-examination, the same point was made by defense counsel and concurred in by the United States Attorney before the jury, and then twice explained to the jury by the court, in these words: "It is only evidence, gentlemen of the jury, against the party who made that statement, which is Milton Mack", and "It is evidence against him but not against any of the others." During the course of the charge the following request was made and granted:

Counsel: "Your Honor, if the Court pleases, I request that you charge the jury that the statement put in evidence which was given by Milton Mack cannot be used as against the defendants Stanley, Jackson, and Worrell.

"The Court: Any statement, gentlemen of the jury, made by any one of the defendants after the end of the conspiracy, if it was after the date of the alleged conspiracy, can not be considered against any other defendant. It can be considered only against him. * * *"

True, these express warnings of the court did not specifically include Vernell's statement; but there was never any objection by anyone, on the ground of its incrimination of others, to the admission of Vernell's statement in evidence.

Moreover, Vernell's statement did not mention the appellants Worrell and Jackson and, therefore, only appellant Stanley can rely upon any error in its use. We think the jury was kept constantly mindful, through the reiteration of the principle by the court on Milton's statement and in other instances, that Vernell's extrajudicial utterances could be related to no one but Vernell.

Furthermore, the only request for a limiting caution in regard to Vernell's statement was offered just before its use on cross-examination, when Stanley's attorney said, "Your honor, we would like to take the same position that [another defense attorney] took this morning as to the other statement to [of] Milton Mack, that this be confined to the same, strictly to Vernell Mack." Though not acted upon, the request was never repeated, either during the examination or in a prayer to charge. If Stanley felt Vernell's statement had not been effectively immured, indisputably he had the right and duty, as well as the opportunity, to seek greater protection from the court, for the court had never evinced an unwillingness to afford such protection. Nor did the defense ever ask the court to tell the jury that Vernell's statement, even as to Vernell, was in no sense evidence of the truth of its contents, but only evidence of the factum of a prior inconsistent declaration. Southern Ry. v. Gray, 1916, 241 U.S. 333, 337, 36 S.Ct. 558, 60 L.Ed. 1030; Barrett v. Virginia Ry. Co., 4 Cir., 1917, 244 F. 397, 400, reversed on other grounds 250 U.S. 473, 39 S.Ct. 540, 63 L.Ed. 1092. Remiss in his duty, he cannot successfully impute error to the court for the omission of these warnings. Troutman v. U. S., 10 Cir., 1938, 100 F.2d 628, 634; Wheeler v. U. S., 1954, 93 U.S.App.D.C. 159, 211 F.2d 19, 26, note 17; Cwach v. U. S., 8 Cir., 1954, 212 F.2d 520, 526; Davis v. U. S., 8 Cir., 1956, 229 F.2d 181, 186. We hold appellant Stanley's failure to pursue his request in the trial court precludes his insistence upon it here.

Against their convictions on the substantive offenses the appellants urge the error we have just considered in regard to their conspiracy conviction. Again we find no merit in it. Additionally, the appellants assign other errors peculiar to their respective individual cases; upon examination of them we are satisfied they are insubstantial.

Affirmed.