## F. W. WOOLWORTH CO. v. CARRIKER et al.

### No. 11193.

Circuit Court of Appeals, Eighth Circuit.

Nov. 17, 1939.

Lon O. Hocker, of St. Louis, Mo. (James C. Jones, Jr., Case, Voyles & Stemmler, and Jones, Hocker, Gladney & Grand, all of St. Louis, Mo., on the brief), for appellant.

Roberts P. Elam, of St. Louis, Mo. (Mark D. Eagleton and Eagleton, Waechter, Yost, Elam & Clark, all of St. Louis, Mo., on the brief), for appellees.

Before STONE, GARDNER, and THOMAS, Circuit Judges.

STONE, Circuit Judge.

From a judgment on verdict in a personal injury case defendant brings this appeal.

The only matter. presented here is the sufficiency of the evidence to authorize submission of the case to the jury. At the conclusion of the evidence for the plaintiff, defendant filed a motion for an instructed verdict, as follows: .

"At the close of the evidence on behalf of plaintiffs, defendant moves the court to charge the jury that under the law and the evidence herein, plaintiffs have failed to make a submissible case against defendant, and the verdict must be in defendant's favor, for the following reasons:

"(1) Because the evidence fails to show any breach of duty owed by defendant to plaintiff Carriker;

"(2) because the condition of the floor of the passageway mentioned in evidence, and where plaintiff Carriker was injured, is shown by the evidence to have been as well known to him as to defendant, and there was therefore no duty upon defendant to warn Carriker of such condition;

"(3) because the condition of the floor of said passageway was open and obvious instead of being latent and hidden, and defendant's knowledge of such condition was in no way superior to that of plaintiff Carriker. Wherefore, defendant owed plaintiff Carriker no duty in the premises."

It is the denial of this instruction which is here urged as error. This issue requires an examination of the evidence under the issues made by the pleadings.

The allegations of the petition are that early on the morning of June 29, 1935, plaintiff went to deliver crates of milk to the defendant; that while walking through a basement corridor or passageway carrying the milk to the place where it was to be left he stepped into "grease, slush, dirt and other slimy and slippery substances on the floor" thereof which was near a perforated drain in the corridor and as a result slipped and fell sustaining injuries. The grounds of negligence set forth are as follows:

"(1) Defendant negligently and carelessly caused, suffered and permitted said grease, slush, dirt and other slimy and slippery substances to be and remain on the floor of said corridor, or passageway, where the same was rendered unsafe, dangerous and not reasonably safe for persons using and walking upon said floor, particularly plaintiff Carriker.

"(2) Defendant knew, or by the exercise of ordinary care, could and should have known of the presence of said grease, slush, dirt and other slimy and slippery substances upon the floor of said corridor, or passageway, and defendant knew, or by the exercise of ordinary care, could and should have known that the floor of said corridor, or passageway, was thus and thereby rendered unsafe, dangerous and not reasonably safe for persons using and walking upon said floor, particularly plaintiff Carriker, in time thereafter, by the exercise of ordinary care, to have remedied said unsafe, dangerous and not reasonably safe condition, and thus and thereby avoided the injury to plaintiff Carriker, but that defendant negligently and carelessly failed so to do.

"(3) Defendant negligently and carelessly failed and omitted to warn plaintiff Carriker of the presence of said grease, slush, dirt and other slimy and slippery substances, and of the unsafe and dangerous condition of said corridor, or passageway, created thereby."

The only evidence as to the accident was by plaintiff and Edwin Hipp, who was at the time employed by the defendant as a baker. The evidence of plaintiff was that he had been delivering this milk for some fifteen or eighteen years to this store of defendant; that in making such delivery it was necessary for him to carry the milk along an aisle or passageway in the basement of the building. This aisle was floored with dark grey concrete. At one point in the aisle there was a sewer drain opening covered by a perforated iron plate about ten inches in diameter. About 6:30 in the morning of June 29th, he walked along this aisle carrying a case of thirty half pint bottles under his left arm and a similar case, by a handhold, in his right hand. The light in the aisle way was rather dim at the time. He could see plainly what was on either side of him but the reflection of the floor was such that he noticed no difference in color between the slimy substance around the drain opening (extending about a foot therefrom) and the floor. Without seeing this substance he stepped therein and slipped causing his fall. The concrete flooring and drain hole had been there for eight or ten years during which he was familiar with the situation and had never before found anything on the floor. When he fell he discovered that the substance causing his fall "looked like dirt and soap and greasy water that the floors had been scrubbed with and poured there. Dirty, greasy, slimy water." The substance "was practically the same color [as the dark grey concrete floor]—was so near the same color that from the reflection of the light that I got there, I could not distinguish the difference without going down and examining it." No one was present when he fell but immediately thereafter two cooks, who were in the basement, hurried to him and helped him up.

The testimony of Hipp was that he was a baker employed by defendant and working in the basement. He came to the basement at five minutes of four o'clock that

morning, as usual. While walking along the same aisle going to his place of work he slipped in this substance around the drain. He describes the substance as "slushy matter" and as "grease—soap" and again as "It was not water. It was a greasy, slimy substance" thicker than soap suds and of a brownish color. The light was "kind of dim light." He could not have seen the slush just walking along but could see it after his attention was attracted to it. The only other persons on the premises were two cooks and a watchman at the rear entrance on the first floor where plaintiff came into the building.

The trial court denied the requested peremptory instruction but, in the charge to the jury, withdrew from the jury the first ground of negligence alleged in the petition which was that "defendant negligently and carelessly caused, suffered and permitted said grease, slush, dirt and other slimy and slippery substances to be and remain on the floor * * *." He submitted the case on the two other grounds which were knowledge of the unsafe condition in time to remedy the same and failure to warn plaintiff of the danger.

The sufficiency of the evidence is challenged by appellant in one respect only. That is as to proof of knowledge of the appellant of the slippery condition of the floor either in time to remedy that condition or to warn appellee thereof.

Appellee contends (1) that such knowledge (actual or constructive) existed and, (2) that the evidence justified recovery on the ground—withdrawn in the charge—that the presence of the slippery substance was caused and produced by appellant. Another and important contention of appellee is that the propriety of the ruling upon the requested peremptory instruction must be determined "in the light of the record as it stood when that motion was presented, and not in the light of the record as it was subsequently made." From its nature and the fact situation here, the last contention of appellee requires examination before we go into the sufficiency of the evidence.

## I. Record to be Considered.

The record to be considered in determination of the sufficiency of the evidence becomes important here because of the situation following. Appellant presents its case on the theory that the court submitted the case under a charge requiring the jury to find, as a necessary element of liability, knowledge of appellant respecting the slippery floor condition in time either to have remedied the condition or to have warned appellee thereof, and that there was no evidence such knowledge existed. In addition to contending that such actual or constructive knowledge existed, appellee contends that there was evidence sufficient to justify submission to the jury of the first ground of negligence, which the court withdrew from the jury in the charge given. From these contentions arises the situation where appellant is seeking to have the sufficiency of the evidence determined in the light of the charge given while appellee deems the charge to have no bearing upon such sufficiency. The issue is, therefore, whether the charge to the jury is to be considered in determining the sufficiency of the evidence.

A general verdict of a jury is the composite result of the facts found by the jury and the law as given to the jury in the charge. Where there are no exceptions to a statement as to the law in the charge, this Court has repeatedly held that such statement becomes the law of the case for purposes of an appeal. Ocean Accident & Guarantee Corporation v. Moore, 8 Cir., 85 F.2d 369, 371; United States v. Hossmann, 8 Cir., 84 F.2d 808, 810; Aetna Casualty & Surety Co. v. Reliable Auto Tire Co., 8 Cir., 58 F.2d 100, 103; Skaggs Safeway Co. v. Dunkle, 8 Cir., 49 F.2d 169, 171, certiorari denied 284 U.S. 622, 52 S.Ct. 9, 76 L.Ed. 531; Yelloway, Inc. v. Hawkins, 8 Cir., 38 F.2d 731, 738; Security Life Ins. Company of America v. Brimmer, 8 Cir., 36 F.2d 176, 178, certiorari denied 281 U.S. 744, 50 S.Ct. 350, 74 L.Ed. 1157. Plaintiff made no exceptions to the charge. Defendant made several exceptions to the charge but makes no challenge of the charge here. As to this Court on this appeal, the effect is the same as though no exceptions had been taken to the charge; therefore, the charge is the law of the case as to this appeal. The sufficiency of the evidence is to be determined in the light of the charge. Ocean Accident & Guarantee Corp. v. Moore, supra; United States v. Hossmann, supra; Aetna Casualty & Surety Co. v. Reliable Auto Tire Co., supra.

Appellee contends that under the law of Missouri (citing Schroeder v. Wells, 310 Mo. 642, 276 S.W. 60, 63) "the action of the trial court must be judged by the record as it stood when the demurrer was

overruled." But this matter is not subject to control by State law. Barrett v. Virginian Ry. Co., 250 U.S. 473, 476, 39 S.Ct. 540, 63 L.Ed. 1092. Hence we must examine the sufficiency of the evidence here in the light of the jury issues set forth in the charge.

## II. Sufficiency of Evidence.

■ The charge required the jury to find that defendant had knowledge (actual or constructive) of the slippery condition of the floor in time—exercising reasonable diligence—either to remedy the condition or to warn plaintiff. Both this Court (Grand-Morgan Theatre Co. v. Kearney, 8 Cir., 40 F.2d 235, 237) and the Supreme Court of Missouri (McKeighan v. Kline's, Inc., 339 Mo. 523, 530, 98 S.W.2d 555, 559) have stated the liability of the occupier of real estate to an invitee for injury from unsafe floor conditions to be that such conditions must have continued for a sufficient time after the proprietor had actual or constructive knowledge thereof for him, in the exercise of ordinary care, to have removed it or to have warned the invitee.

■ The evidence reveals no actual knowledge of this condition by anyone connected with defendant except Edwin Hipp. He was a baker who was employed as such in the basement where this accident occurred. He obtained this knowledge when he slipped at the same spot while going to his place of work about five minutes before four A. M.—approximately two and one-half hours before this accident. There is no direct evidence that Hipp had any duties concerning the care of this aisle nor are such duties to be inferred from the character of his employment as a baker in another part of the basement. McKeighan v. Kline's, Inc., 339 Mo. 523, 530, 98 S.W.2d 555, 559. The evidence as to actual knowledge was insufficient.

As to constructive knowledge, our examination is best pursued by consideration of the arguments advanced by appellee. The broad contention of appellee is that constructive knowledge existed "from the facts and circumstances". The supporting arguments are (1) that such "facts and circumstances" warrant the inference that the slippery condition was caused by the servants of defendant in the course and scope of their employment[1]; and (2) that the unsafe condition had continued long enough, under the circumstances, to charge the defendant with constructive knowledge.

■ As to the first of these arguments. We are inclined to think that the evidence here might be sufficient to justify an inference that the slimy water on the floor was caused by servants of defendant—certainly this would be true had there been testimony as to the floor having been washed or that such character of substance had been or might have been poured at the drain opening where the accident occurred. The difficulty here, however, is that the trial court took from the jury the issue that defendant had "caused, suffered and permitted" the slimy substance to be there; and positively charged the jury that "the evidence is not sufficient to indicate who placed the substance there around the drain, and being insufficient to determine who placed it there, it is insufficient upon which to base a finding that the defendant placed it there. Obviously that must be true, and, therefore, I withdraw from your consideration that charge of negligence * * *." Now to allow the inference urged would, in direct effect though by indirect method, be to allow recovery upon the very ground taken from the jury. Also, it would require the assumption that the jury had acted directly contrary to the charge of the court. This is not a matter here of error in the charge—that is not before us in determining this appeal. It is the situation where the charge is (under authorities hereinbefore cited) the law of the case for the purposes of this appeal and where the verdict is sought to be upheld on a theory directly opposed to the law expressed in the charge. This cannot be done.

As to the second of these arguments. Starting with the statement that the issue of constructive notice becomes substantial "only if the presence of such substance was not caused and produced by defendant's servants and employees, and if the defendant did not have actual knowledge of the presence of such slippery substance imputed to defendant by reason of the actual knowledge thereof by defendant's servant and employee, Hipp," the argument is as follows. That defendant was fully aware that deliveries of ice and of milk would be

---

[1] Appellee cites Crawford v. Kansas City Stock Yards Co., 215 Mo. 394, 114 S.W. 1057, 1064; English v. Sahlender, Mo.App., 47 S.W.2d 150, 153–154; Petera v. Railway Exchange Bldg., Mo.App., 42 S.W.2d 947, 949.

694

made in this basement early in the day before the store was open, because such had been for fifteen years. That there was a duty of inspection to assure safety there at the time of such deliveries. That the fact that this was the first time in fifteen years that such unsafe condition had existed is proof that such duty of inspection had been theretofore performed but had been neglected as to this one time "so that the knowledge of the presence of the slippery substance, which defendant would have acquired by a proper and adequate inspection, is necessarily permitted to be implied to defendant." That the presence of the slippery substance for two and one-half hours on the floor of a passage known and expected to be used by persons, afforded "a reasonable opportunity for knowledge of the presence of such substance" and that it might reasonably result in injury to such persons.

■ Undoubtedly, time is an important element in determining constructive knowledge of a situation but it is not the only element. Had this condition continued for two hours and a half during the busy part of the day when customers were supposed to use this aisle and when those, whose duty it would be to see that this aisle was safe for use, would be upon duty, constructive notice might well be present. However, these other circumstances bearing upon constructive notice were entirely different here. This was very early in the morning, probably hours after all customers and employees (except a watchman) had left. It was some time before employees generally would come into the store, much less customers, and when there was no reason for those who should see to the safety of these premises would be present or would apprehend any necessity for being there to protect those using the aisle. In fact, there would be only six persons (the watchman, the baker, the two cooks, the deliverer of ice and the deliverer of milk) who might have any occasion to be in that part of the building at that time. Assuming, without examination, that some duty of inspection as to the conditions in the store building existed and that a failure to perform that duty could be the basis of constructive knowledge, yet the evidence is insufficient to show an absence of reasonable care under the circumstances in not making such inspection before plaintiff entered the building.

### Conclusion.

■ It results from the foregoing that this judgment must be reversed and the case remanded for retrial. Appellee has argued that the court erred in withdrawing the first negligence pleaded, to-wit, that the defendant negligently and carelessly "caused, suffered and permitted said grease, slush, dirt and other slimy and slippery substances to be and remain on the floor," etc. Since the judgment was for appellee, he could not have appealed therefrom. Also, he cannot support the judgment by the argument that there was sufficient evidence to support a verdict in his favor, because this would sustain recovery on a state of facts not only not passed on by the jury but expressly withdrawn from their consideration. In short, the first ground of negligence has no place in determining this appeal. We determine the appeal entirely apart from such issue.

■ However, since the case is to be retried, we think it proper to consider this contention in its bearing upon the next trial. We do not now determine that the evidence here is sufficient to justify submission of that issue but we are inclined so to think—at least to the extent that such issue should be considered in the retrial of the case. If we remain silent, there may be a danger to plaintiff that the withdrawal of that issue in the charge at the first trial will become the law of the case (5 C. J.S., Appeal and Error, § 1964, p. 1504 note 91) and thus eliminate that issue. In the interest of justice, this should not occur; and, since the case must be retried for other reasons, such a result can be prevented. Therefore, to remove all doubt, we hold that such issue should be considered on the retrial. Necessarily, it follows that, if upon retrial sufficient evidence is introduced to submit the case upon the first ground of negligence alleged in the petition, there will be sufficient evidence to submit the case upon all three of such grounds stated in the petition.

The judgment is reversed and the case remanded for a new trial in accordance with this opinion.